UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JOSHUA H. FIELD, )
)
Petitioner, )
)
v. ) No. 1:18-cv-00411-JMS-DLP
)
WARDEN, )
)
Respondent. )

**Entry Granting Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Joshua Field for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. CIC 17-07-0227. For the reasons explained in this Entry, Mr. Field's habeas petition must be **granted**.

A.   Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On July 19, 2017, Sergeant Shodgrass wrote a Report of Conduct in case CIC 17-07-0227 charging Field with possession of a hazardous chemical. The Report of Conduct states:

> On 7-19-17 I, Sgt. Shodgrass was shaking down 32 B-4A Offender Field, Joshua #971403 32 B-4A had 2 container[s] of oil + a plastic lemon with unknown chemical sitting on top of his gray box at approx. 11:00 am.

On July 21, 2017, Field was notified of the charge of possession of a hazardous chemical and served with the Report of Conduct and the Notice of Disciplinary Hearing "Screening Report". Field was notified of his rights, pled not guilty, and did not request the appointment of a lay advocate. He did not request any witnesses or physical evidence.

At the hearing, held on July 25, 2017, the hearing officer found Field guilty of the charge of possession of a hazardous chemical. In making this determination, the hearing officer considered the offender's statements, staff reports, and photographic evidence. The hearing officer recommended and approved the following sanctions: a written reprimand, 45 days lost commissary and phone privileges, 115 days earned credit time deprivation, and a demotion from credit class B to credit class C.

Field appealed to the facility head on August 8, 2017. The facility head considered Field's appeal and modified the charge from A106 possession of a hazardous chemical to B215 possession of unauthorized property. The facility also modified the sanctions, reducing the privilege loss from 45 days to 30 days and reducing the credit time loss from 115 days to 90 days. Field then appealed that determination to the Department of Correction (DOC) Appeal Review Officer, and this appeal was denied by letter on December 13, 2017.

## C. Analysis

Field challenges the disciplinary action against him arguing that he was denied an impartial decision-maker, he was not provided a hearing on the modified charge, and the evidence was insufficient. Because Field is entitled to relief on his claim that the charge was improperly modified, the Court need not address his other arguments.

Field argues that his due process rights were violated because he was not given a hearing on the modified charge. "Indiana inmates have a protected liberty interest in their credit-earning class, and therefore are entitled to receive advance written notice of the charges against them." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citations omitted). "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge," which allows "the accused to gather the relevant facts and prepare a defense." *Id.* (citations and quotation marks omitted).

The respondent argues that Field's due process rights were not violated when the charge was modified without notice. In *Northern*, the Seventh Circuit provided the applicable standard when a disciplinary charge is modified after an administrative appeal. In that case, the petitioner's charge was changed on appeal from conspiracy and bribery to attempted trafficking of tobacco. This change did not violate due process, concluded the Seventh Circuit, because the written notice informing the petitioner of the factual basis for his charge provided the petitioner with "all the information he needed to defend against the trafficking charge." *Id.* at 911. The Court explained that if the facts of the initial charge are "sufficient to apprise [the petitioner] that he could be subject to a [different] charge," due process is not violated because the petitioner was on notice that he could be subject to a different charge and has all the factual information

3

necessary to prepare a defense against that charge. *Id.* at 910-11; *see Moshenek v. Vannatta*, 74 Fed. Appx. 639, 641 (7th Cir. 2003) (noting that the Seventh Circuit in *Northern* held that the "notice of the original offense is sufficient where the modified charge has the same factual basis").

Field was originally charged with Offense A106 for possession of a hazardous chemical. The Conduct Report stated that he had two containers of oil and a plastic lemon with unknown chemical. On appeal to the facility head, Field argued that none of the substances he possessed were hazardous. The facility head considered his argument, and modified the offense to B215 "Unauthorized Possession of Property." While many of the facts underlying the two charges are the same, the modified charge "Unauthorized Possession of Property" depends of facts that were not relevant to the charge of "Possession of Dangerous Property" and were not included in the conduct report. Specifically, the charge of unauthorized possession requires that the property at issue is State property or belongs to another. The Conduct Report states that Field had "2 container[s] of oil + a plastic lemon with unknown chemical sitting on top of his gray box." There is no indication in the Conduct Report or the charge that these items belonged to the State or to another. Even if charging Field with possession of a hazardous chemical implies that Field was not authorized to possess the chemical, this charge did not provide him with notice or opportunity to defend against the assertion that the possession was unauthorized. The modification of the charge therefore did not satisfy the notice requirement of *Wolff* and Field is entitled to relief.

### D. Conclusion

For the foregoing reasons, petitioner Joshua Field's due process rights were violated and he is entitled to habeas relief. His petition for a writ of habeas corpus is therefore **granted**. The conviction case CIC 17-07-0227 shall be **vacated** and the **sanctions rescinded**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 7/6/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JOSHUA H. FIELD
971403
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 W. South 250
Bunker Hill, IN 46914

Kyle Hunter
INDIANA ATTORNEY GENERAL
kyle.hunter@atg.in.gov